## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:15CR00015-023 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BRANDON KEITH WHITED,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Erin M. Kulpa, Assistant United States Attorney, Harrisonburg, Virginia, for United States; Brandon Keith Whited, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the defendant did not respond. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty pursuant to a written Plea Agreement, the defendant was sentenced by this court on August 23, 2016, to a total term of 159 months imprisonment, consisting of 99 months on Count One of the Indictment, to be followed by a statutory minimum mandatory term of 60 months on Count Nineteen. Count One charged the defendant with conspiring to distribute alpha-PVP, a Schedule I controlled substance and controlled substance analogue, and using a communications facility in the commission of that offense, in violation of 21 U.S.C. § 846, and Count Nineteen charged him with using and carrying a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

In his § 2255 motion, Whited contends that his initial, court-appointed counsel, Casey Allen Sears, II, was ineffective because he waived Whited's speedy trial rights against his wishes and without his knowledge. He also contends that his subsequent, retained counsel, Kimberly Haugh, was ineffective because she was inexperienced and serving on her first federal case, and she did not properly inform him of the potential sentence he faced under his plea agreement. Whited alleges that had he been properly informed, he "perhaps would have refused the plea and/or gone to trial." Mot. Under 28 U.S.C. § 2255 at 5, ECF No. 951.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging

any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. When a defendant challenges a conviction entered after a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

I will first address Whited's allegations regarding his initial counsel, Casey Allen Sears, II. Whited contends that Sears was ineffective because he waived Whited's speedy trial rights against his wishes and without his knowledge. However, Whited's allegations do not satisfy the first prong of *Strickland*. On September 28, 2015, Whited personally signed a Waiver of Speedy Trial, which stated that he waived his rights under the Speedy Trial Act and expressly consented to his trial date being set outside the 70-day limit imposed under the Act. Further, Whited does not make any allegations regarding advice that Sears may have given

him about the waiver. Accordingly, Whited's allegations are factually inaccurate, and they fail to show that Sears' performance was objectively unreasonable.

I next turn to Whited's allegations regarding his retained counsel, Kimberly Haugh. Whited contends that Haugh was ineffective because she did not properly inform him of the potential sentence he faced under his plea agreement and she was inexperienced in federal cases. As to his sentence, Whited alleges that Haugh advised him that he was agreeing to a sentence of 13 to 15 years and the judge would sentence him at the low end of that range. He also alleges that Haugh did not show him a sentencing chart, and he learned that he had agreed to a sentence of approximately 15 to 18 years the day before his sentencing. Lastly, he asserts that if he had been properly advised, he "perhaps" would not have accepted the plea agreement and instead would have gone to trial.

These allegations fail to satisfy both prongs of *Strickland*. "[A] 'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" *United States v. Moneymaker*, No. 7:07CR00029-1, 2011 WL 108724, at *5 (W.D. Va. Jan. 13, 2011) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)). Moreover, Whited initialed each page of the Plea Agreement and signed it on February 11, 2016, approximately six months before his sentencing. The agreement informed him of the maximum sentence he faced

for each count against him and stated that there had been no promises made as to his sentence and that the sentence ultimately imposed would be in the sole discretion of the court. Thus, Whited's allegations do not show that Haugh's performance was objectively unreasonable. Further, his contention that he "perhaps" would not have accepted the Plea Agreement does not show a reasonable probability that, if not for Haugh's sentence estimate, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, he has not shown that he was prejudiced by Haugh's allegedly deficient performance.

As to Whited's allegations that Haugh was ineffective because she was inexperienced in federal cases, he fails to allege any objectively unreasonable conduct by Haugh. "The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation." *United States v. Cronic*, 466 U.S. 648, 665 (1984). Aside from Whited's allegations regarding Haugh's sentence estimations, which are insufficient under *Strickland* for the reasons stated above, he makes no other allegations related to Haugh's inexperience. Thus, his assertion of her inexperience alone fails to show that her performance was objectively unreasonable.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: February 12, 2019

/s/ James P. Jones
United States District Judge